JohnsoN, C. J. delivered the opinion of the court. The plaintiff, by his assignment of errors, has raised two objections to the decision and judgment of the circuit court1st, Because the court rendered judgment against him by default, and ¡assessed the damages without first rendering an interlocutory judgment and awarding a writ of inquiry: 2d, Because the court rendered judgment against him when the record no where shows that the condition of the bond was broken and the execution returned unsatisfied. We will consider the last objection first. The 40th section of chapter 60 of the Revised Statutes declares, that “ If the condition of the bond be broken, and the execution be returned unsatisfied, the defendant and his securities shall be deemed to have notice of the facts, and the plaintiff, without' farther notice, way, on the return day of the execution, or on any subsequent clay of the term at which such execution is reurned, move the court for judgment on the bond against the defendant and his securities, or any of them, or the plaintiff may, at his option, bring an ordinary suit on the bond.” The facts brought to view by this section of the statute, and which it regards as equivalent to notice to the defendant, are the forfeiture of the delivery bond and the return of the execution unsatisfied. When these facts are mad© to appear of record, they are considered as tantamount to a service of process, and the defendant is bound to appear and delend the action, or suffer the consequences of his own default. But if, on the contrary, these facts do not appear, the court can take no cognizance of the person of the defendant nor bind him by its judgment. There is no showing, of record that the execution was returned unsatisfied, or that the bond was returned with the execution as required.by the 44th sec., of the same act. It is alleged in the breach that the defendant failed' to deliver the property according to the condition of the bond, and reference is made to the return upon the execution as evidence of the fact. It does not necessarily follow that the execution was returned unsatisfied, because the sheriff states in his return that the-bond was forfeited by non-delivery of the property. For any thing that appears on the record there may be such a return as to exonerate the defendant, and that too not in the least inconsistent with the fact that the condition of the bond was broken by the failure to deliver the property. It may further appear that the execution, was either stayed or satisfied. The statute, in dispensing with the. necessity of the issuance and service of process, did not intend to waive any material fact, which would be necessary to constitute the. defendant’s liability. It is plain that the act requires the plaintiff to show, and that too by competent proof, that the execution was returned unsatisfied. If this fact is indispensable in order to constitute and fix the liability of the defendant, the question then. alises as to the necessity of alleging it in the declaration. It is a general rule in pleading that the plaintiff is bound to charge and set forth every fact, which is material and necessary to constitute a good cause of action against the defendant, and that he is strictly held to the proof of those facts. It therefore follows, that the plain* tiff below was legally bound to negative the fact of payment by charging that the execution was returned unsatisfied. The condition of the bond was that certain property therein specified should be forthcoming and safely delivered to the sheriff at a time and place therein mentioned, for the purpose of 'being exposed to sale to satisfy the execution. Satisfaction of the execution either before or even on the day of sale, would most unquestionably have superseded the necessity of a delivery of the property. Under the declaration in its present shape, the defendant may have paid every dollar of the sum claimed and the execution have been returned satisfied, and yet he could not have pleaded the fact and prevented a recovery against him. We ai;e, therefore, clearly of opinion that erred in pronouncing j udgment against the defendant upon the court the declaration filed in this cause. The other objection is, that the court rendered judgment by de^ fault and assessed the damages without first rendering an interlocutory judgment and awarding a writ of inquiry. The cause of action in this case arose before the passage of the act of 1843, and consequently must be governed by the law then in force. It was decided by this court in the case of Jennings & Baker vs. Ashley, 5 Ark. R. 134, that a delivery bond is a bond other than for the payment of money, and the amount of damages is to be ascertained by a jury. Rev. Stat. chap. 112 sec. 5, 6, 7, 8. It is, therefore* clear that the circuit court erred. 1st, In pronouncing judgment against the defendant below upon the declaration filed in the case: and 2d, in assessing the damages and entering judgment thereon-without the intervention of a jury.- Judgment reversed and McKisick considered a's in' óourt.